UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| THE CITY OF DOVER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Civil Action No. 12-1994 (JDB) |

## MEMORANDUM OPINION & ORDER

Before the Court is plaintiffs' [19] motion to alter or amend this Court's judgment of July 30, 2013 and for leave to amend their complaint, both of which the EPA opposes. Plaintiffs, three New Hampshire cities, filed a complaint alleging that the Environmental Protection Agency ("EPA") failed to perform nondiscretionary duties under the Clean Water Act, 33 U.S.C. § 1365(a)(2) ("CWA"). [ECF No. 1]. The EPA moved to dismiss the complaint, arguing that plaintiffs lacked standing and that the complaint failed to state a claim. [ECF No. 8]. After holding that plaintiffs had standing, this Court proceeded to dismiss the complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 18]. Now, plaintiffs seek to set that judgment aside so that they may file an amended complaint that, in their view, would survive a motion under Rule 12(b)(6). On October 4, 2013, the Court ordered the parties to submit supplemental briefs. [ECF No. 23]. For the reasons explained below, the Court will grant plaintiffs' motion to alter or amend the July 30, 2013 judgment, and will grant plaintiffs' motion for leave to amend their complaint.

1

## ANALYSIS

This Court, in its decision of July 30, 2013, granted defendants' motion to dismiss plaintiffs' complaint and dismissed the complaint with prejudice. Order (July 30, 2013) [ECF No. 18]. The Court will assume familiarity with the particulars of this case, which are laid out in full in its earlier memorandum opinion. See Mem. Op. (July 30, 2013) [ECF No. 17]. In rejecting plaintiffs' arguments that the EPA violated nondiscretionary duties under the CWA by not reviewing the document at issue ("the 2009 Document") and by not permitting public participation, the Court noted that plaintiffs' "real argument . . . is that the EPA and DES have improperly given the report the force of law in subsequent decisions." Id. at 10-11, 15, 16-17. And the Court pointed out that "that challenge must be raised in the context of those subsequent decisions." Id. at 15. Plaintiffs interpreted this language as a suggestion that they assert a claim that the EPA violated the Administrative Procedure Act ("APA") by considering the 2009 Document; hence, they seek to amend their complaint to assert such APA claims.

I. **Plaintiffs Must Satisfy Rule 59(e), Rather Than Just Rule 15(a)(2)**

As they must, plaintiffs attempt to present their new claims by way of a Rule 59(e) motion to alter or amend the Court's judgment, combined with a motion for leave to file an amended complaint under Rule 15(a)(2). See Ciralsky v. CIA, 355 F.3d 661, 673 (D.C. Cir. 2004) (noting that after judgment has been entered, plaintiffs must move to reopen the judgment before moving to amend). Although plaintiffs filed their motion as one under Rule 59, they argue that they only did so "as a matter of procedure"; moreover, they argue that because they "are not attempting to alter or amend this Court's [substantive] ruling," it is inappropriate to apply the Rule 59(e) standard to their motion. Pls.' Reply to Defs.' Opp'n [ECF No. 22] 2 n.1. Instead, plaintiffs contend that they need only satisfy Rule 15(a)'s liberal standard. Id. at 2. But it is well

settled in the D.C. Circuit—and in virtually every circuit to have considered the question[1]—that "once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment." Ciralsky, 355 F.3d at 673 (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Plaintiffs read Foman v. Davis, 371 U.S. 178 (1962), to hold that when a plaintiff files a Rule 59 motion for the sole purpose of amending her complaint to include a new claim, she need not satisfy Rule 59's standard; instead, she need only meet Rule 15's more liberal standard. In Foman, the Supreme Court held that petitioner's combined post-judgment Rule 59 motion to vacate and Rule 15 motion for leave to amend should have been granted. 371 U.S. at 182. Although the opinion is short on analysis, the Court noted that "the amendment would have done no more than to state an alternative theory for recovery." Id. Plaintiffs seize upon this language as support for the proposition that they do not need to meet Rule 59(e)'s stricter standard, and in doing so effectively argue that courts have either ignored or misread Foman for the past fifty years. See Ciralsky, 355 F.3d at 673; Wright, Miller & Kane at § 1489 (collecting cases). But even if courts have misread Foman for half a century, this Court is bound by the D.C. Circuit's interpretation of Foman, which does not support plaintiffs' theory. See Ciralsky, 355 F.3d at 673. Hence, the Court rejects plaintiffs' argument.

Moreover, the approach pressed by plaintiffs—that they need only satisfy Rule 15(a)'s liberal standard—would circumvent the strict standards for altering final judgments in Rules 59(e) and 60(b). This approach is inconsistent with the principles, embodied by the Rules, of "favoring finality of judgments and the expeditious termination of litigation." Wright, Miller &

---

[1] See Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1489 (3d ed.) (collecting cases).

Kane at § 1489. Moreover, it is inconsistent with the settled law of this circuit requiring plaintiffs to satisfy Rule 59(e)'s standard in order to amend their complaint post-judgment. See Ciralsky, 355 F.3d at 673 (citing Firestone, 76 F.3d at 1208). And the D.C. Circuit was hardly unaware of Foman when it held that plaintiffs must do so: indeed, it quoted Foman several times in Firestone. 76 F.3d at 1208. Accordingly, because this Court entered a final judgment against plaintiffs when it dismissed the complaint, plaintiffs must satisfy Rule 59(e)'s more stringent standard before the Court will consider whether to grant leave to amend under Rule 15(a)(2).

## II. It Was Clear Error To Dismiss Plaintiffs' Case With Prejudice

"'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Ciralsky, 355 F.3d at 671 (D.C. Cir. 2004) (quoting Firestone, 76 F.3d at 1208); see also Mobley v. Cont'l Cas. Co., 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for reconsideration . . . will not lightly be granted."). A Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). Plaintiffs do not assert in their motion that there has been an intervening change in controlling law or that new evidence has become available. Pls.'s Mot. [ECF No. 19] 2 (plaintiffs "are not seeking to have the Court alter or amend its substantive judgment on the merits"). Instead, they argue that it was clear error for the Court to dismiss their case with prejudice. Pls.'s Reply [ECF No. 22] 3 n.2.

In the dismissal order here, this Court stated that plaintiffs' action was dismissed with prejudice in its entirety. [ECF No. 18]. Under Firestone, "dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." 76 F.3d at 1208 (internal quotation marks

4

omitted); Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 131 (D.C. Cir. 2012) (applying Firestone standard and noting that "[t]he standard for dismissing a complaint with prejudice is high"). And when dismissing with prejudice, a court should "adequately explain, in light of the standard set in Firestone," why it dismissed with prejudice. Belizan v. Hershon, 434 F.3d 579, 580 (D.C. Cir. 2006). In its Memorandum Opinion, the Court explained that, even taking all the facts alleged in the complaint as true, plaintiffs could not state a claim under the CWA on either of their asserted claims. Mem. Op. [ECF No. 17] 10-11, 16-17. Consequently, the Court dismissed both claims, but did not give an explanation why it dismissed with prejudice. Id.

Nevertheless, the EPA argues that the claims were properly dismissed with prejudice because the Court based its dismissal on two legal conclusions as to the requirements of the CWA. Defs.' Suppl. Br. [ECF No. 26] 3. The Court held: (1) that the EPA did not have a nondiscretionary duty to take any action with respect to the document at the heart of this case ("the 2009 Document") because New Hampshire had not adopted it as a provision of state law; and (2) that the Clean Water Act did not impose on the EPA a nondiscretionary duty to allow public participation with respect to the 2009 Document. Mem. Op. [ECF No. 17] 10-11, 16-17. Plaintiffs do not argue that New Hampshire has since adopted the 2009 Document as a provision of state law, a dispositive fact in itself on the first claim, and whether the EPA has a nondiscretionary duty to allow public participation was determined by this Court as a matter of statutory construction. Id. In other words, plaintiffs could not have alleged any additional facts "consistent with the challenged pleading" that would change the Court's legal analysis of the requirements of the CWA. Firestone, 76 F.3d at 1209. Hence, argues the EPA, plaintiffs' claims were properly dismissed with prejudice because amendment would have been futile. Id. The Court agrees with the EPA on this point—so far as it goes.

The EPA, however, does not offer any argument that dismissal of the case as a whole with prejudice was proper; its arguments focus on the propriety of dismissing the two specific claims with prejudice. Defs.' Suppl. Br. [ECF No. 26] 3. And Plaintiffs seek not only to allege additional facts but also to add additional claims to their complaint. Pls.' Mot. [ECF No. 19]. Specifically, plaintiffs wish to assert claims that the EPA's consideration of the 2009 Document in its section 303(d) listing and approval process violated the APA. Id. Plaintiffs aver that the new APA claims they seek to assert are viable even without the new facts they seek to plead. Pls.' Suppl. Br. [ECF No. 25] 10.

This case, then, is somewhat unusual. When a court dismisses both claims of a complaint, it would be unorthodox to dismiss the claims but not the complaint itself, which no longer seeks any relief. But here, this Court explicitly recognized possibly viable alternative claims when dismissing plaintiffs' claims, and yet it dismissed the complaint with prejudice. Without the suggestion of alternative claims, it may have been entirely reasonable to dismiss the whole complaint (because of the dismissal of both counts of the complaint), and to do so with prejudice—but an explanation, that plaintiffs could not possibly plead additional facts to cure the dismissed claims, should have been provided. And because the Court did suggest an alternative legal theory based on the facts pled, plaintiffs should have been permitted to test that theory. Courts routinely permit (under Rule 15(a)(2)) plaintiffs to assert alternative legal theories based on the same facts giving rise to the complaint, and hence these plaintiffs should be permitted to add their APA claims to their complaint. See Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave [to amend] when justice so requires"). It was error, then, to dismiss plaintiffs' complaint with prejudice. Indeed, the Supreme Court held in similar circumstances that it was error to deny

a motion to vacate a judgment to amend a complaint when "the amendment would have done no more than state an alternative theory for recovery." Foman, 371 U.S. at 182.

To hold otherwise would be to ignore the possibly preclusive effect of this Court's judgment. Plaintiffs' proposed APA claims could reasonably be characterized as arising out of the same transaction or occurrence as plaintiffs' other claims,[2] and as a result, if this Court's dismissal with prejudice were to stand, plaintiffs could be precluded from asserting the APA claims in a new action. See, e.g., Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481 n.22 (1982) ("Res judicata has recently been taken to bar claims arising from the same transaction even if brought under different statutes.") (citations omitted). Where new claims based on the same transaction or occurrence would be futile, it would not be error to prohibit the assertion of those claims and thereby potentially preclude them. See, e.g., Rollins, 703 F.3d at 130-31. And where a plaintiff seeks to assert new claims not based on the same transaction or occurrence, rejecting amendment and requiring the plaintiff to file a new complaint might be appropriate because of the lack of apparent preclusive concerns. Here, however, the Court has already recognized the (potential) viability of plaintiffs' new claims, which appear to be consistent with the events giving rise to plaintiffs' initial claims, and the EPA does not argue that permitting the APA claims would be futile.[3]

---

[2] The Court does not, however, decide that issue.

[3] According to plaintiffs, "the new facts were added to provide more detail and clarity to the APA claim or, at most, fill in gaps in the previous complaint." Defs.' Suppl. Br. [ECF No. 26] 11. The Court agrees. The new facts, on close examination, at most provide more factual detail regarding previously alleged events, in some cases to boost the viability of the APA claim. To the extent plaintiffs seek to plead additional facts, those facts must be consistent with their original complaint. Firestone, 76 F.3d at 1209. But because the new claim is itself consistent with the challenged pleading, using the new claim to bootstrap new facts supporting that claim into the amended complaint is not inherently problematic, even though those new facts would

The Court also erred by not "adequately explain[ing], in light of the standard set in Firestone," why it dismissed with prejudice. Belizan, 434 F.3d at 580. No explanation for the dismissal with prejudice appears in the Court's opinion. Particularly in light of the Court's suggestion that plaintiffs should have brought an APA claim, this was error. Taken together, the related errors of dismissing with prejudice and of failing to explain the dismissal with prejudice constitute "clear error" under Rule 59(e). Hence, the Court will reopen the judgment for the limited purpose of allowing plaintiffs to amend their complaint by adding the APA claims. As plaintiffs have met the stricter standard under Rule 59(e), they have also met the liberal amendment standard under Rule 15(a)(2), and the Court will allow plaintiffs to amend their complaint to add the additional claims contained in the amended complaint attached to their Rule 59(e) motion. To be clear, the Court does not disturb its previous judgment that the claims asserted by plaintiffs in their initial complaint, Counts I and II, are dismissed with prejudice: "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficienc[ies]" in those claims. Firestone, 76 F.3d at 1209.

Although the Court will grant plaintiffs' motions under Rules 59 and 15, the result here relies substantially on two facts: the Court's suggestion in its earlier opinion that plaintiffs bring an APA claim and the Court's failure to explain why it dismissed the action with prejudice. Absent those facts, the Court likely would not grant plaintiffs' motions, for the simple reason that plaintiffs should have asserted the APA claims earlier. Under Rule 15(a), plaintiffs were permitted to amend their complaint once as a matter of course at any time before a responsive pleading was filed (and before the case was dismissed). A motion to dismiss is not ordinarily

---

not have changed the Court's analysis of the previously asserted claims. Thus, the Court will also permit plaintiffs to include the new facts in their amended complaint.

considered a responsive pleading under Rule 15(a), so plaintiffs could have amended their complaint as of right before the Court's decision on the motion. See Confederate Mem'l Ass'n, Inc., v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993). Plaintiffs did not do so.

Some courts have noted that "plaintiff[s] cannot resuscitate [their] case post-dismissal by [filing a Rule 59(e) motion] alleging facts or legal theories that were available to [them] at the inception of the case," or "that could have been raised prior to the entry of judgment." Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001); Burlington Ins. Co. v. Okie Dokie Inc., 439 F. Supp. 2d 124, 128 (D.D.C. 2006) (Rule 59(e) is not "a vehicle for presenting theories or arguments that could have been advanced earlier." (citing Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993))); but see Foman, 371 U.S. at 182 (reopening judgment for plaintiff asserting alternative legal theory on amendment). It is true that the Federal Rules of Civil Procedure were not intended to penalize parties for pleading deficiencies; pleading is not a "game of skill in which one misstep by counsel may be decisive to the outcome." Foman, 371 U.S. at 181-82 (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). Yet "[t]he Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action." Foman, 371 U.S. at 182 (internal quotation marks omitted). Here, plaintiffs did not make one misstep but two: initially failing to plead the claims they now wish to add, and then not adding those claims after defendants filed their motion to dismiss but before this Court ruled upon it. Determination of this action cannot now be described as either speedy or inexpensive, and plaintiffs ultimately bear responsibility for that. In this case, plaintiffs are fortunate that the Court identified the (possibly) proper claim to assert for them, for if it had not, plaintiffs may not have timely filed this Rule 59(e) motion.

## **CONCLUSION**

Upon consideration of plaintiffs' motions, the parties' briefing, applicable law, and the entire record herein, and for the reasons explained above, it is hereby

**ORDERED** that [19] plaintiffs' motion to alter or amend [18] the judgment under Rule 59(e) is hereby **GRANTED** for the limited purpose of permitting plaintiffs to amend their complaint; it is further

**ORDERED** that [19] plaintiffs' motion for leave to file an amended complaint is hereby **GRANTED**; it is further

**ORDERED** that the Clerk shall promptly file [19-1] and the attached exhibits in this case as plaintiffs' amended complaint; it is further

**ORDERED** that Counts I and II of plaintiffs' amended complaint remain **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that defendants shall file their answer or otherwise respond to the amended complaint by not later than December 16, 2013; and it is further

**ORDERED** that a status conference in this matter is scheduled for January 24, 2014 at 9:00 am.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: November 15, 2013